MICHAEL GARVIN AND JOSHUA IVINSON v. JOHN GORMAN AND WALTER DUGAN.

*Certiorari—Evidence—Appeal.*

1. The conclusion of a justice of the peace *rejecting* defendant's claim of *set-off*, after hearing testimony in support of and against the same, cannot be reviewed on *certiorari*.

2. In a suit in justice's court the plaintiff's claim was proved by entries in his books, which he produced, and swore to posting the charge in the usual course from the day-book into the ledger, but that the *original* entry was made by an employe, who was *not* sworn. The defendant removed the judgment by *certiorari* to the circuit court, alleging that there was no legal evidence in support of plaintiff's claim, where it was affirmed. The record failed to show that this objection was made before the justice.

   *Held,* that the testimony, not being objected to, proved the claim.

3. Cases ought not, in fairness, to be brought up on *certiorari* to review questions of evidence which can be rectified on appeal, and the statute does not contemplate reversals of judgments on technicalities when no injustice appears.

---

Error to Isabella. (Hart, J.) Argued October 7, 1886. Decided October 14, 1886.

Assumpsit. Defendants bring error. Affirmed. The facts are stated in the opinion.

*Dodds Bros.*, for appellants.

*H. H. Graves*, for plaintiffs.

CAMPBELL, C. J. Plaintiffs sued defendants before a justice, and obtained judgment, which included an item of $21 for a barrel of pork, and did not allow a certain small set-off. Instead of appealing, defendants brought *certiorari* to the circuit court of Isabella county, when the court affirmed the judgment.

So far as the set-off is concerned, there was testimony on both sides, and the justice acted upon it. His conclusion could not be disputed on *certiorari*.

The item of $21 was proved by entries in plaintiff's books. He produced them, and swore that he posted the charge in the usual course from the day-book into the ledger, but that the day-book charge was made by another person in his employ, who was not sworn.

The court below declined to review this question, because, as it stood, it might better have been raised on appeal, when, if there was any dispute of fact, it could be disposed of on the merits.

It does not appear from the record that the objection now made was presented to the justice before the testimony was closed. The testimony introduced, unless objected to, proved the claim, and it does not appear to have been objected to. Whether admissible without some further proof we shall not discuss, as, if the objection had been seasonably made, it very probably would have been obviated by further proof.

Cases ought not, in fairness, to be brought up on *certiorari*

for such questions of evidence as could be rectified on appeal, and the statute does not contemplate the reversal of judgments on technicalities when no injustice appears. Here, as the record comes up, there is no error, technical or otherwise, which should be considered.

The judgment must be affirmed.

The other Justices concurred.